856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl RAMSEY, Legalware, Inc., Plaintiffs-Appellants
v.
GLASSIE PEWETT DUDLEY BEEBE & SHANKS, Defendant-Appellee.
 No. 87-2629.
 United States Court of Appeals, Fourth Circuit.
 Aug. 18, 1988.
 
 John W. Thyden, Roger K. Zuker, J.D., P.A., for appellants.
 Robert W. Lewis, Ellen Douglass Dalton, Lewis, Wilson, Lewis and Jones, Ltd., for appellee.
 Before ERVIN, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Carl Ramsey and Legalware, Inc. brought this diversity action against the appellee, the law firm of Glassie, Pewett, Dudley, Beebe and Shanks, P.C., alleging that James Bremer, a principal in that firm, defamed them through remarks he made to a newspaper reporter, David Sands, concerning a pending lawsuit between certain of his clients and Legalware, Inc. Sands incorporated portions of Bremer's remarks into a story he wrote for The Washington Business Review. Appellants contend that a statement attributed to Bremer in the story, reading "The suit is a last chance to save (Ramsey's) company," was libelous.
 
 
 2
 At trial, the court entered a directed verdict for the defendant. As to plaintiff Ramsey, the court found that he was not a proper party because the allegedly libelous statement was directed solely toward the corporation. As to Legalware, Inc., the court found that the evidence showed that Bremer said "I suppose that it is a last chance to save their company" and that this constituted a non-actionable statement of opinion.
 
 
 3
 The appellants raise two issues in this appeal:
 
 
 4
 1. The trial court erred in precluding plaintiffs' counsel from reading the deposition of a deponent (Bremer) who had been designated by the defendant in addition to taking his live testimony;
 
 
 5
 2. The trial court erred in directing a verdict for the defendant as to the two plaintiffs.
 
 
 6
 Because we do not find reversible error in either of these claims, we affirm the judgment of the district court.
 
 
 7
 As an initial matter, it appears the trial court did err by not permitting the plaintiffs to read Bremer's deposition into evidence pursuant to Fed.R.Civ.P. 32(a)(2). See 4A J. Moore, J. Lucas & D. Epstein, Moore's Federal Practice p 32.04, at 32-17 (2d ed. 1987). This Court has adopted the view enunciated in Moore's that the deposition of an adverse party may be introduced as evidence notwithstanding the party's presence at trial. Community Counseling Services, Inc. v. Reilly, 317 F.2d 239, 243 (4th Cir.1963).
 
 
 8
 Though Rule 32(a)(2) does not preclude the court from excluding repetitious testimony, Gauthier v. Crosby Marine Service, Inc., 752 F.2d 1085 (5th Cir.1985), Bremer's deposition, while not inconsistent with his trial testimony, did differ from it in ways the appellants contend are crucial. Specifically, appellants contend that Bremer did not indicate at his deposition that he prefaced his statement "The suit is a last chance to save their company" with the words "I suppose" as he testified at trial. Appellants contend that the court's ruling not to allow the deposition as direct evidence crippled their case since the court relied on Bremer's testimony that he did say "I suppose" to determine the remark was a statement of opinion rather than a statement of fact.
 
 
 9
 Because we conclude that Bremer's remark was a non-actionable statement of opinion even if he did not preface it with "I suppose," we do not believe the appellants were prejudiced by the trial court's ruling regarding the reading of the deposition. In Potomac Valve & Fitting, Inc. v. Crawford Fitting, 829 F.2d 1280 (4th Cir.1987) this Court adopted a four-part test to determine whether a statement is one of fact or one of opinion. The Court wrote:
 
 
 10
 To identify an opinion, the trial judge should (1) consider the author or speaker's choice of words; (2) decide whether the challenged statement is "capable of being objectively characterized as true or false"; (3) examine the context of the challenged statement within the writing or speech as a whole; and (4) consider "the broader social context into which the statement fits."
 
 
 11
 Potomac Valve, 829 F.2d at 1287-88 (footnotes omitted) (quoting Ollman v. Evans, 750 F.2d 970, 981-82, 983-84 (D.C.Cir.1984) (en banc), cert. denied, 471 U.S. 1127 (1985)). A statement qualifies as an opinion even if objectively verifiable (factor two above), if it is clear from any of the factors "that a reasonable reader or listener would recognize its weakly substantiated or subjective character--and discount it accordingly." Potomac Valve, 829 F.2d at 1288. We find that when considered in the context of the rest of the conversation between Bremer and Sands and in the broader context in which that conversation took place, the "weakly substantiated or subjective character" of the statement is apparent.
 
 
 12
 Sands originally contacted Bremer to get his reaction to the lawsuit initiated by Legalware, Inc. against his clients. He was, in effect, soliciting Bremer's opinion regarding the suit. Accordingly, the brief conversation focused on Bremer's subjective view of the case. When Bremer told him that he thought the suit was groundless and without foundation in fact, Sands asked him why then did he think such a suit was brought. Given Bremer's prior statement that the suit was groundless, this question clearly seems an invitation for Bremer to speculate on Legalware, Inc.'s motivation for bringing the suit. The nature of the interview and of Bremer's previous answers, both of which focused on Bremer's subjective reaction to the suit, make it unreasonable to assume that Sands would interpret the statement "It is a last chance to save their company" as anything other than Bremer's personal view of Legalware, Inc.'s motivation for filing suit, especially since Bremer offered no facts in support of his statement. See Ollman, 750 F.2d at 982.
 
 
 13
 The non-defamatory nature of the statement is made even clearer when viewed in the broader societal context in which it was made. Business litigation is "a world of conflict and competition." Potomac Valve, 829 F.2d at 1290. It is well understood that lawyers are advocates and have an interest in downplaying, even disparaging, the merits of lawsuits which name their clients as defendants. Sands surely understood that Bremer was not an impartial evaluator of the motivations behind the lawsuit brought against his clients, and thus Sands was in a position to place Bremer's adversarial remarks in their proper perspective. When viewed in this perspective, the remark could not reasonably be interpreted as a statement of fact.
 
 
 14
 In sum, we find the district court did not err in concluding that Bremer's statement was an expression of opinion and therefore not defamatory as a matter of law. See National Foundation for Cancer Research v. Council of Better Business Bureaus, Inc., 705 F.2d 98 (4th Cir.), cert. denied, 464 U.S. 830 (1983). Accordingly, we affirm the district court's entry of a directed verdict in favor of the defendant. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 15
 AFFIRMED.